■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GOLDRING, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered November 1, 1990, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a weapon in the third degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The vehicle in which the defendant was a passenger was stopped in connection with a traffic violation, and a police officer subsequently observed a crack vial in the vehicle's ashtray. Contrary to the defendant's contention, that the officer saw the crack vial with the aid of a flashlight does not render the officer's observation of the crack vial a "search" within the meaning of the Federal or State Constitutions (US Const, 4th, 14th Amends; NY Const, art I, § 12; *United States v Dunn,* 480 US 294; *Texas v Brown,* 460 US 730; *People v Williams,* 137 AD2d 569). As the Supreme Court of the United States stated in *United States v Dunn (supra,* at 305, quoting *Texas v Brown, supra,* at 739-740), "it is 'beyond dispute' that the action of a police officer in shining his flashlight to illuminate the interior of a car, without probable cause to search the car '[violated] no right secured * * * by the Fourth Amendment' ". Once the crack vial had been detected, the police had the right to conduct a warrantless automobile search based on the existence of probable cause to believe that the automobile contained contraband (see, *People v Blasich,* 73 NY2d 673).

We have examined the defendant's remaining contentions, including those contained in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Harwood, Balletta and Eiber, JJ., concur.