■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AXEL ADAMS, Appellant. [744 NYS2d 512] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered March 21, 2000, convicting him of robbery in the first degree and attempted robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stemmed from a robbery and an attempted robbery simultaneously committed against employees of two adjacent Brooklyn businesses, located in a single building on Bedford Avenue. The trial evidence demonstrated that the defendant robbed the clerk of one business of a gold chain at knifepoint, while his unapprehended accomplice was ultimately thwarted in his attempt to rob an employee of the second business. The defendant was arrested in flight from the scene of the crimes, and the chain taken from the victim of the robbery was recovered, along with a knife that resembled the knife used by the defendant.

The defendant argues that his conviction of attempted robbery in the second degree must be reversed. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to prove that the defendant knowingly and intentionally acted in concert with the unapprehended accomplice, sharing the criminal intent to commit simultaneous robberies of the two businesses (*see* Penal Law § 20.00; *People v Schermerhorn,* 283 AD2d 524, 525; *People v Davis,* 260 AD2d 726, 729; *People v Gage,* 259 AD2d 837, 838-839). Moreover, the jury verdict was not against the weight of the evidence (*see People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Gaimari,* 176 NY 84; *People v Valderrama,* 285 AD2d 902, 904; *People v Knight,* 192 AD2d 676, 677). The two perpetrators entered the premises together, and immediately split up en route to their respective target businesses. They both an-

nounced robberies. In each instance, employee resistance was initially overcome by the use of knives. The defendant testified at trial and admitted that he was in the premises to deliver a package he believed contained drugs or currency. However, there was no evidence from which to reasonably conclude that these simultaneous crimes were committed by two perpetrators acting independently, by coincidence.

The defendant's remaining contentions are without merit. Santucci, J.P., Altman, S. Miller and H. Miller, JJ., concur.