The People of the State of New York, Respondent, v Rickey Clark, Appellant. [804 NYS2d 426]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Copertino, J.), rendered September 8, 2004, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mullen, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the night of September 21, 2003, the police responded to a burglar alarm activation call at a home in Medford. Upon arriving at the scene, Suffolk County Police Officer Patrick Morash noticed a white Acura backing down from the top of a 150-foot driveway, and pulled behind the vehicle. When he approached the car, the officer observed the defendant in the driver's seat, wearing dark clothing. The defendant, who provided his name at the officer's request, explained that he became lost looking for the home of a friend, whose name he could not provide, and was in the process of making a U-turn in the driveway. When Officer Morash focused his flashlight on the defendant as they conversed, amplifying the interior lighting of the vehicle, he observed a screwdriver on the floor of the passenger seat, a pair of cloth gloves between the driver's seat and the console, as well as a "maglite" and a hat on the passenger seat. The defendant was then removed from the car, handcuffed, and detained pending further investigation.

Officer Morash proceeded to the rear of the home, where he observed a broken window and a screen laying on the grass. He then entered the home with the homeowners' daughter and, hearing another person moving about the house, immediately exited until additional police officers arrived.

When the officer re-entered the home with the K-9 unit, no one was in the house. The dog, however, latched onto a scent which he followed into the woods outside the home until he became fatigued. The dog also barked viciously at the defendant, who was seated in the patrol car, stopping only when directed to by his handler. In the home, the alarm had been torn off the wall, the bedroom was in disarray, and two drawers of a jewelry box and a pillowcase were missing. The defendant was then placed under arrest. No jewelry was found either on the defendant's person or in the car, which was subsequently searched with his permission. The vehicle search yielded three pairs of latex gloves and four additional pairs of cloth gloves.

On appeal, the defendant challenges the hearing court's determination that the plain view "search" of his vehicle with a flashlight was justified. Initially, the police action of approaching the vehicle was lawful as the police had an "objective and credible reason" (*People v Hollman,* 79 NY2d 181, 191 [1992]) for approaching the vehicle to inquire as to the defendant's identity and the reason for his presence at the scene. The police officer was responding to the burglar alarm call at the residence, and he observed the defendant's vehicle backing down from the top of the long driveway (*see People v Wright,* 8 AD3d 304 [2004]). The police officer's use of a flashlight to illuminate the interior of the vehicle while he spoke to the defendant was neither a search nor an unreasonable intrusion (*see People v Beriguette,* 199 AD2d 515, 516 [1993], *affd* 84 NY2d 978 [1994]; *People v Fells,* 279 AD2d 706 [2001]; *People v Goldring,* 186 AD2d 675 [1992]), since the initial stop and inquiry were legal (*see People v Price,* 54 NY2d 557, 563 [1981]).

The defendant contends that his burglary conviction must be reversed because the prosecution failed to establish both the existence of an accomplice and accessorial liability. We disagree. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to prove that the defendant knowingly and intentionally acted in concert with the unapprehended accomplice, sharing the criminal intent to commit the burglary. The evidence supports the conclusion that a burglary was committed and that another individual was in the home while the defendant sat in his car just outside the home. That this individual

was never apprehended does not affect the sufficiency of the evidence (*see People v Taylor*, 74 AD2d 177, 179 [1980]; *see also People v Hirschfeld*, 282 AD2d 337 [2001], *cert denied* 534 US 1082 [2002]). Moreover, the prosecution established that the defendant was observed fleeing the scene less than 10 minutes after the alarm had sounded, backing his car down the long driveway, with the headlights turned off. The defendant, dressed in dark clothing, provided an improbable explanation for his presence all the way up the driveway, and a screwdriver, a flashlight, cloth gloves, and some hats were within an arm's length of the defendant, despite the otherwise immaculate interior of the car. The rear window of the home had been smashed, and another person was in the home when the responding officer entered it. The alarm had been ripped off the wall and areas of the home were ransacked, with jewelry and other valuables missing. After a search of the home, the trained canine barked viciously at the defendant, and followed a track leading into the woods behind the home. This evidence sufficiently established the defendant's guilt as an accomplice in the burglary beyond a reasonable doubt (*see People v Adams*, 296 AD2d 418 [2002]; *People v Wooten*, 214 AD2d 596 [1995]).

The defendant's contention that he was deprived of the effective assistance of counsel based on one claimed omission is without merit, as the record reveals that the defendant received meaningful representation (*see People v Caban*, 5 NY3d 143 [2005]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.