— Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered February 10, 2011, convicting him of criminal mischief in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see CEL 220.60 [3]; 470.05 [2]; People v Clarke, 93 NY2d 904, 906 [1999]; People v Lopez, 71 NY2d 662, 665 [1988]; People v Hayes, 91 AD3d 792 [2012]; People v Kulmatycski, 83 AD3d 734, 735 [2011]; People v Rusielewicz, 45 AD3d 704 [2007]). In any event, the defendant acknowledged at the plea proceeding that he understood the sentencing promise. The record reveals that the defendant agreed to the plea bargain and did so voluntarily, with a full appreciation of the consequences thereof, and upon the competent advice of counsel (see People v Bookard, 68 AD3d 1128, 1129 [2009]).
To the extent that the defendant contends that ineffective assistance of counsel affected the voluntariness of his plea, the record demonstrates that he pleaded guilty to the top count in *628 the indictment in exchange for the minimum indeterminate sentence of imprisonment authorized by law, which was executed as a sentence of parole supervision, and nothing in the record casts doubt on the apparent effectiveness of counsel (see CPL 410.91; People v Duah, 91 AD3d 884, 885 [2012]; People v Yarborough, 83 AD3d 875 [2011]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Balkin, Belen and Austin, JJ., concur.