Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered September 25, 2009, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s valid waiver of his right to appeal precludes review of his challenge to the factual sufficiency of the plea allocution (see People v Crews, 92 AD3d 795 [2012]; People v Hardee, 84 AD3d 835 [2011]) and to the procedure used to adjudicate him a persistent violent felony offender (see People v Kosse, 94 AD3d 908 [2012]; People v Collier, 71 AD3d 909, 910 [2010]).
The defendant’s contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Clarke, 93 NY2d 904, 906 [1999]; People v Andrea, 98 AD3d 627 [2012]). The “rare case” exception to the preservation rule does not apply here because the defendant’s plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (People v Lopez, 71 NY2d 662, 666 [1988]; see People v Gibson, 95 AD3d 1033 [2012], lv denied 19 NY3d 996 [2012]).
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim! ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], *885 cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805, 806 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
By pleading guilty, the defendant forfeited his present contentions regarding prosecutorial misconduct and the sufficiency of the evidence before the grand jury (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Wager, 34 AD3d 505, 506 [2006]). Mastro, J.P., Rivera, Dickerson and Lott, JJ., concur.