Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered March 28, 2012, convicting her of burglary in the second degree, upon her plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s valid waiver of her right to appeal precludes review of her challenge to the factual sufficiency of the plea allocution (see People v Devodier, 102 AD3d 884 [2013]; People v Crews, 92 AD3d 795 [2012]; People v Hardee, 84 AD3d 835 [2011]).
The defendant’s contention that her plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since she did not move to withdraw her plea on this ground prior to the imposition of sentence (see People v Clarke, 93 NY2d 904, 906 [1999]; People v Devodier, 102 AD3d 884 [2013]; People v Andrea, 98 AD3d 627 [2012]). Furthermore, the “rare case” exception to the preservation rule does not apply here, since the defendant’s plea allocution did not cast significant doubt upon her guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (People v Lopez, 71 NY2d 662, 666 [1988]). Moreover, the defendant’s postplea statements regarding the commission of the crime made to her probation officer that appear in the presentence investigation report were insufficient to warrant withdrawal of her plea (see People v Dixon, 29 NY2d 55, 57 [1971]; People v Crawford, 106 AD3d 832, 833 [2013], lv denied 21 NY3d 1014 [2013]; People v Soria, 99 AD3d 1027 [2012]; People v Gibson, 95 AD3d 1033, 1033-1034 [2012]; People v Dazzo, 92 AD3d 796 [2012]).
The defendant’s valid waiver of her right to appeal precludes *920 appellate review of her claim that she was deprived of her right to effective assistance of counsel, except to the extent that the alleged ineffective assistance may have affected the voluntariness of her plea (see People v Montalvo, 105 AD3d 774, 775 [2013]; People v Ramos, 77 AD3d 773, 774 [2010]; People v Drago, 50 AD3d 920 [2008]). To the extent that the defendant contends that her counsel’s conduct affected the voluntariness of her plea, her contention is predicated, at least in part, on matters that are outside the record (see People v Maxwell, 89 AD3d 1108, 1109 [2011]). Since it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]). Mastro, J.P., Balkin, Sgroi and Hinds-Radix, JJ, concur.