■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRAINE J. SLIDE, Appellant. [978 NYS2d 901]—

The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (*see People v Hernandez*, 110 AD3d 919, 919 [2013]). Furthermore, the "rare case" exception to the preservation rule does not apply here, since the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (*People v Lopez*, 71 NY2d 662, 666 [1988]; *cf. People v Worden*, 22 NY3d 982, 985 [2013]). Moreover, the defendant's postplea statement to the Probation Department regarding the commission of the crime was insufficient to warrant withdrawal of his plea (*see People v Hernandez*, 110 AD3d at 919). In any event, the defendant's plea of guilty was knowing, voluntary, and intelligent (*cf. People v Tyrell*, 22 NY3d 359 [2013]).

The defendant purportedly waived his right to appeal, but the waiver is not valid because the County Court failed to make certain that the defendant understood the consequences of the waiver (*see People v Bradshaw*, 18 NY3d 257, 264-265 [2011]; *cf. People v Tyrell*, 22 NY3d 359, 366 [2013]). Accordingly, the purported waiver does not foreclose review of the defendant's excessive sentence claim. However, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Balkin, J.P., Chambers, Austin and Roman, JJ., concur.