People v Ospina (2019 NY Slip Op 06102)





People v Ospina


2019 NY Slip Op 06102


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-10329
 (Ind. No. 1518/13)

[*1]The People of the State of New York, respondent,
v
Richard Ospina, appellant.


Matthew Muraskin, Port Jefferson, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Anthony W. Paradiso, J., at plea; Fran Ricigliano, J., at sentence), rendered May 8, 2018, convicting him of burglary in the second degree (two counts) and attempted burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant validly waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264; People v Lopez, 6 NY3d 248, 256). However, the defendant's arguments related to the voluntariness of his plea and the legality of his sentence survive his valid appeal waiver (see People v Lopez, 6 NY3d at 255; People v Ramos, 164 AD3d 922, 922; People v Smith, 146 AD3d 904, 904; People v Magnotta, 137 AD3d 1303, 1303).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw the plea (see People v Lopez, 71 NY2d 662, 665-666; People v Gomez, 171 AD3d 944; People v Hernandez, 110 AD3d 919, 919; People v Devodier, 102 AD3d 884, 884). Moreover, contrary to the defendant's contention, the exception to the preservation requirement does not apply here, since the plea allocution did not cast significant doubt upon the defendant's guilt, negate an essential element of the crime, or call into question the voluntariness of the plea (see People v Lopez, 71 NY2d at 666; People v Peralta, 171 AD3d 948; People v Ramos, 164 AD3d at 922-923). In any event, the defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is without merit, as the record as a whole affirmatively demonstrates that the defendant entered his plea knowingly, voluntarily, and intelligently (see People v Conceicao, 26 NY3d 375, 383; People v Harris, 61 NY2d 9, 19).
Contrary to the defendant's contention, since he did not move to withdraw his plea prior to sentencing, and since there was nothing in his plea allocution that would cast doubt on his guilt or otherwise call into question the voluntariness of his plea, the Supreme Court was under no obligation to conduct a sua sponte inquiry into certain statements he made to the probation officers who prepared the presentence report and addendum thereto (see People v Castro, 102 AD3d 546, [*2]547; People v Espinal, 99 AD3d 435, 435-436; People v Pantoja, 281 AD2d 245, 246). Moreover, although the defendant argues otherwise, the statements at issue did not negate any element of the crimes (see People v Clark, 23 AD3d 673, 674). The defendant's additional contention that he was deprived of his right to the effective assistance of counsel by counsel's failure to raise the issue before the sentencing court is without merit (see People v Baldi, 54 NY2d 137, 147).
Criminal Procedure Law § 380.50(1) provides that "[a]t the time of pronouncing sentence, the court must accord the prosecutor an opportunity to make a statement with respect to any matter relevant to the question of sentence. The court must then accord counsel for the defendant an opportunity to speak on behalf of the defendant. The defendant also has the right to make a statement personally in his or her own behalf, and before pronouncing sentence the court must ask the defendant whether he or she wishes to make such a statement." The defendant's contention that he was denied his statutory right to address the Supreme Court pursuant to Criminal Procedure Law § 380.50(1) is unpreserved for appellate review (see People v Green, 54 NY2d 878, 880) and, in any event, belied by the record.
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court