People v Talbert (2020 NY Slip Op 04412)





People v Talbert


2020 NY Slip Op 04412


Decided on August 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-11453
 (Ind. No. 8509/15)

[*1]The People of the State of New York, respondent,
v
William Talbert, appellant.


Janet E. Sabel, New York, NY (Antonio Villaamil of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew J. D'Emic, J.), rendered October 10, 2017, convicting him of attempted robbery in the second degree and assault in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with attempted robbery in the second degree, attempted robbery in the third degree, attempted grand larceny in the fourth degree, attempted petit larceny, and assault in the third degree. On August 2, 2016, he pleaded guilty to attempted robbery in the second degree and assault in the third degree. As part of the plea agreement, the defendant would attend the Brooklyn Mental Health Court treatment program (hereinafter the treatment program) with the promise that if he successfully completed the treatment program, he would be sentenced to a conditional discharge, and if he failed to successfully complete the treatment program then he would be sentenced to an aggregate determinate term of imprisonment of two years plus a period of postrelease supervision of two years. The defendant did not successfully complete the treatment program and on October 10, 2017, the Supreme Court sentenced him to a determinate term of imprisonment of two years plus a period of postrelease supervision of two years on the conviction of attempted robbery in the second degree and a definite term of imprisonment of one year on the conviction of assault in the third degree, with the sentences to run concurrently.
The defendant's contention that his plea of guilty to attempted robbery in the second degree was not knowing, voluntary, and intelligent because there was a possible claim of right defense is unpreserved for appellate review, as the defendant did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see CPL 220.60[3]; 470.05[2]; People v Lopez, 71 NY2d 662, 665-666). Furthermore, the "rare case" exception to the preservation requirement set forth in People v Lopez (71 NY2d at 666) does not apply because the defendant's recitation of the facts underlying the crime of attempted robbery in the second degree did not raise the possibility of a claim of right defense (see People v Pastor, 28 NY3d 1089, 1090-1091). Contrary to the defendant's contention, statements in the felony complaint and presentence investigation report attributed to the defendant did not obligate the court to conduct a sua sponte inquiry into a possible claim of right defense (see People v Anderson, 170 AD3d 878).
The defendant contends that his plea was not knowing, voluntary, and intelligent because the Supreme Court misadvised him of a constitutional right he was forfeiting by pleading guilty. The defendant's contention is unpreserved for appellate review because the defendant did not move to vacate his plea or otherwise raise the issue before the court (see CPL 220.60[3]; 470.05[2]; People v Conceicao, 26 NY3d 375, 382; People v Tyrell, 22 NY3d 359, 364; People v Peque, 22 NY3d 168, 182). In any event, the record affirmatively demonstrates the defendant's understanding and waiver of certain constitutional rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (see People v Harris, 61 NY2d 9, 19-20; People v Sirico, 135 AD3d 19, 22; People v Isaiah S., 130 AD3d 1081).
The defendant contends that the sentence imposed on the conviction of attempted robbery in the second degree was excessive. The defendant received the minimum term of imprisonment authorized for a class D violent felony (see Penal Law §§ 70.02[3][c]; 110.00, 160.10[2][a]), so we have no authority to reduce that component of his sentence in the interest of justice (see People v Anastasiou, 162 AD3d 1062). Contrary to the defendant's contention, the two-year period of postrelease supervision imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court