People v Fraser (2021 NY Slip Op 01270)





People v Fraser


2021 NY Slip Op 01270


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-07914

[*1]The People of the State of New York, respondent,
v
Johnathon P. Fraser, appellant. (S.C.I. No. 711/18)


Marianne Karas, Thornwood, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; James Masterson on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered July 2, 2018, convicting him of criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree, and operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, intelligent, and voluntary, because he was not advised of certain potential consequences of his plea, and that he was denied the effective assistance of counsel for the same reason. A challenge to the voluntariness of the plea survives a valid appeal waiver, as does a claim of ineffective assistance of counsel that may have impaired the voluntariness of the plea (see People v Bhuiyan, 181 AD3d 699, 700; People v Fontanet, 126 AD3d 723, 723). Therefore, there is no merit to the People's contention that the purported appeal waiver precludes appellate review of the defendant's claims, and we need not determine whether the purported appeal waiver was valid (see People v Ward, 140 AD3d 903, 904).
The defendant's contention concerning the voluntariness of his plea, however, is unpreserved for appellate review as he did not move to withdraw his plea or otherwise raise these issues before the Supreme Court (see CPL 220.60[3]; 470.05[2]; People v Conceicao, 26 NY3d 375, 381-382; People v Talbert, 186 AD3d 508, 509). In any event, this contention is without merit, as the record establishes a knowing, intelligent, and voluntary plea of guilty (see generally People v Hill, 9 NY3d 189, 191).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
MASTRO, A.P.J., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court