People v Gutierrez (2021 NY Slip Op 03051)





People v Gutierrez


2021 NY Slip Op 03051


Decided on May 12, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-05741

[*1]The People of the State of New York, respondent,
v
Arturo Gutierrez, appellant. (S.C.I.. No. 747/18)


Arza Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Cristin N. Connell of counsel; Matthew C. Frankel on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert G. Bogle, J.), rendered September 11, 2018, as amended October 10, 2018, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
As a threshold matter, since the only substantive argument raised on the defendant's appeal concerns the validity of his plea, we need not reach the People's contention regarding the validity of the defendant's appeal waiver (see People v Adames, 173 AD3d 1058; People v Henriquez, 168 AD3d 876, 876; People v Bernard, 155 AD3d 1059).
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently made is unpreserved for appellate review, since he did not move to withdraw his plea on this ground or otherwise raise this issue prior to the imposition of sentence (see CPL 220.60[3]; 470.05[2]; People v Hernandez, 110 AD3d 919, 919; People v Andrea, 98 AD3d 627, 627). The defendant's contention that preservation is not required because this alleged error constitutes a mode of proceedings error is without merit (see People v Clarke, 93 NY2d 904, 906).
In any event, the defendant's contention that his plea was not knowing, intelligent, and voluntary is without merit. Contrary to the defendant's contention, the record demonstrates that his decision to plead guilty was knowing, intelligent, and voluntary (see generally People v Hill, 9 NY3d 189, 191; People v Hidalgo, 91 NY2d 733, 736; People v Fiumefreddo, 82 NY2d 536, 543-544; People v Fraser, 192 AD3d 702; People v Hendrix, 172 AD3d 1224, 1224; People v Moye, 170 AD3d 1198, 1199; People v Rifino, 143 AD3d 741, 743).
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court