People v Lopez-Alvarado (2021 NY Slip Op 03198)





People v Lopez-Alvarado


2021 NY Slip Op 03198


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2014-10213
 (Ind. No. 1157/12)

[*1]The People of the State of New York, respondent,
v
Reynaldo Lopez-Alvarado, appellant.


Christopher J. Cassar, Huntington, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Grazia DiVincenzo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered October 25, 2013, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. By decision and order dated April 19, 2017, this Court remitted the matter to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea of guilty, and thereafter for the submission of a report by the County Court on any such motion, and the appeal was held in abeyance in the interim (see People v Lopez-Alvarado, 149 AD3d 981). The County Court has filed its report.
ORDERED that the judgment is affirmed.
In a decision and order dated April 19, 2017, this Court remitted the matter to the County Court, Suffolk County, to afford the defendant an opportunity to move to vacate his plea of guilty based on the failure of the County Court to advise the defendant of the possibility of deportation as a consequence of his plea as required by People v Peque (22 NY3d 168) (see People v Lopez-Alvarado, 149 AD3d 981). At a hearing upon remittitur, defense counsel indicated that no such motion would be forthcoming. In a report to this Court dated August 28, 2020, the County Court noted that the defendant had not taken the opportunity to move to vacate his plea following this Court's April 19, 2017 decision and order, and that there was no further action to be taken. Since the defendant declined to move to vacate his plea of guilty on the basis of the County Court's failure to advise him of the possibility of deportation, there is no basis to vacate the plea and to reverse the judgment of conviction on this ground (see People v Arana, 187 AD3 1033, 1034; People v Kostyk, 186 AD3d 744, 745; People v El Hor, 173 AD3d 892, 892-893).
The defendant also contends that his counsel was ineffective for failing to inform him of the deportation consequences of his plea of guilty (see Padilla v Kentucky, 599 US 356). Since the record does not conclusively demonstrate that the defendant's attorney failed to inform him of the immigration consequences of his plea, the defendant's claim cannot be resolved without reference to matter outside the record. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's ineffective assistance of counsel claim in its entirety, and we decline to review the claim on this direct appeal (see People v Haffiz, 19 NY3d 883, 885; People v [*2]Rodriguez, 115 AD3d 884; People v Drammeh, 100 AD3d 650, 651; People v Salmon, 97 AD3d 608, 609). Although the defendant made a post-conviction motion pursuant to CPL article 440 to vacate the judgment of conviction on the ground of ineffective assistance of counsel, the issues raised in that motion are not properly before this Court, as he was denied leave to appeal from the order denying that motion (see People v Walker, 189 AD3d 1619, 1620; People v Dunaway, 134 AD3d 952, 954; People v Coleman, 125 AD3d 879, 881).
CHAMBERS, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court