People v Rojas (2021 NY Slip Op 04562)





People v Rojas


2021 NY Slip Op 04562


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-01807
 (Ind. No. 17-01272)

[*1]The People of the State of New York, respondent,
v
David Rojas, appellant.


Marianne Karas, Thornwood, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan M. Capeci, J.), rendered July 30, 2018, convicting him of attempted murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise the issue in the County Court (see CPL 220.60[3]; 470.05[2]; People v Lopez, 71 NY2d 662, 665-666; People v Smith, 193 AD3d 986; People v Fraser, 192 AD3d 702, 703). In any event, the record establishes that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Sougou, 26 NY3d 1052, 1055-1056; People v Conceicao, 26 NY3d 375, 383-384; People v Harris, 61 NY2d 9, 20-21; People v Fraser, 192 AD3d at 703).
The defendant's claim that he was deprived of the effective assistance of counsel cannot be resolved without reference to matter outside the record. Accordingly, a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's ineffective assistance of counsel claim in its entirety, and we decline to review the claim on this direct appeal (see People v Lopez-Mendoza, 33 NY3d 565, 573; People v Lopez-Alvarado, 194 AD3d 961, 962; People v Coverdale, 189 AD3d 1610, 1611; People v Norberto, 188 AD3d 923, 924).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court