People v Slide (2021 NY Slip Op 04982)





People v Slide


2021 NY Slip Op 04982


Decided on September 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2011-08439
 (Ind. No. 1554-07)

[*1]The People of the State of New York, respondent,
v
Terraine J. Slide, appellant.


Alexis G. Padilla, Brooklyn, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marion M. Tang of counsel), for respondent.
Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), former appellate counsel.



DECISION & ORDER
Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated January 29, 2014 (People v Slide, 113 AD3d 881), affirming a judgment of the County Court, Suffolk County (Robert W. Doyle, J.), rendered September 6, 2011. Justices Zayas and Dowling have been substituted for former Justices Balkin and Roman (see 22 NYCRR 1250.1[b]).
ORDERED that the application is granted, and the decision and order of this Court dated January 29, 2014, is vacated; and it is further,
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for further proceedings in accordance herewith.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review, since he did not move to withdraw his plea on this ground prior to the imposition of sentence (see People v Hernandez, 110 AD3d 919, 919). Moreover, the defendant's postplea statement to the Probation Department regarding the commission of the crime was insufficient to warrant withdrawal of his plea (see id.). In any event, the defendant's plea of guilty was knowing, voluntary, and intelligent (cf. People v Tyrell, 22 NY3d 359).
Under the circumstances presented here, we grant the defendant's application for a writ of error coram nobis, based on former appellate counsel's failure to contend on appeal that the County Court failed to determine whether the defendant should be afforded youthful offender status. As held by the Court of Appeals in People v Rudolph (21 NY3d 497), CPL 720.20(1) requires "that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (People v Rudolph, 21 NY3d at 501). Here, the record does not demonstrate that the court considered whether to [*2]adjudicate the defendant a youthful offender, even though the defendant was eligible (see People v Johnson, 193 AD3d 1076; People v St. Hill, 193 AD3d 987; People v Battle, 187 AD3d 1203). Although we acknowledge that the Court of Appeals decided Rudolph only shortly before former appellate counsel filed the brief on the appeal, because the holding in Rudolph compels vacatur of the sentence, the standard of meaningful representation required former appellate counsel to argue that, pursuant to Rudolph, the sentence must be vacated and the matter remitted for determination of the defendant's youthful offender status (see People v Feliciano, 17 NY3d 14). Accordingly, we vacate the defendant's sentence and remit the matter to the County Court, Suffolk County, for resentencing after making a determination as to whether the defendant should be sentenced as a youthful offender. We express no opinion as to whether the court should afford youthful offender treatment to the defendant.
The defendant's remaining contentions need not be reached in light of our determination.
CHAMBERS, J.P., AUSTIN, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court