People v Olmos (2021 NY Slip Op 05989)





People v Olmos


2021 NY Slip Op 05989


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-05585
 (Ind. No. 18-00861)

[*1]The People of the State of New York, respondent,
v
Jose F. Olmos, appellant.


Mark Diamond, New York, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (Steven A. Bender and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered July 11, 2019, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise this issue before the Supreme Court (see People v Peque, 22 NY3d 168, 182). Moreover, this is not the "rare case" (People v Lopez, 71 NY2d 662, 666) where the preservation requirement should be excused, because nothing the defendant said during the plea allocution "cast [ ] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" (id. at 666). In any event, the record demonstrates that the defendant's plea was entered knowingly, voluntarily, and intelligently (see People v Harris, 61 NY2d 9, 17).
Contrary to the defendant's contention, postplea statements attributed to him in the presentence report did not obligate the Supreme Court to conduct a sua sponte inquiry into a possible intoxication defense (see People Talbert, 186 AD3d 508, 509; People v Bailey, 158 AD3d 948, 949). In any event, at sentencing, the defendant reaffirmed that he had pleaded guilty because he was, in fact, guilty and confirmed that he "[stood] by [his] plea."
The defendant contends that his attorney failed to provide him with the effective assistance of counsel because she did not explain to him the significance of an intoxication defense. The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
RIVERA, J.P., CHRISTOPHER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court