People v Braunskill (2022 NY Slip Op 03902)

People v Braunskill

2022 NY Slip Op 03902

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-06844
 (Ind. No. 2086/18)

[*1]The People of the State of New York, respondent,
v
Justin Braunskill, appellant.

Steven A. Feldman, Manhasset, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (William J. Condon, J.), rendered May 28, 2019, convicting him of criminal sale of a firearm in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowing, voluntary, and intelligent is unpreserved for appellate review, since the defendant did not move to withdraw his plea or otherwise raise the issue in the Supreme Court (see People v Conceicao, 26 NY3d 375, 381-382; People v Lopez, 71 NY2d 662; People v Rojas, 196 AD3d 704; People v Smith, 193 AD3d 986; People v Fraser, 192 AD3d 702). In any event, the record establishes that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Sougou, 26 NY3d 1052, 1055-1056; People v Conceicao, 26 NY3d at 383-384; People v Harris, 61 NY2d 9, 20-21; People v Fraser, 192 AD3d at 703).
The defendant's contention that the sentence imposed violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (see People v Pena, 28 NY3d 727, 730; People v Keller, 201 AD3d 657; People v Cerasaro, 179 AD3d 832), and is, in any event, without merit (see People v Brewster, 188 AD3d 1246; People v Rolling, 186 AD3d 1264; People v Miller, 74 AD3d 1097, 1097).
The defendant's contention that the Supreme Court failed to fully comply with CPL 400.15 and 400.21 before sentencing him as a second violent felony offender also is unpreserved for appellate review (see People v Johnson, 186 AD3d 743, 744; People v Smothers, 175 AD3d 1441, 1442; People v Sutton, 161 AD3d 783, 784). In any event, the court substantially complied with the statutes (see People v Johnson, 186 AD3d at 744; People v Rogers, 173 AD3d 775, 776; People v Giddens, 161 AD3d 1191, 1194-1195; People v Carmello, 114 AD2d 965, 965-966; People v Bryant, 47 AD2d 51, 63).
The sentence imposed was not excessive (People v Suitte, 90 AD2d 80).
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court