People v Madison (2022 NY Slip Op 05220)

People v Madison

2022 NY Slip Op 05220

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-03214
 (Ind. No. 155/17)

[*1]The People of the State of New York, respondent,
v
Kevin Madison, appellant.

John A. Cirando, Syracuse, NY (Rebecca L. Konst of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered February 16, 2018, convicting him of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Dutchess County, for resentencing in accordance herewith.
The defendant was convicted of attempted criminal possession of a controlled substance in the fourth degree, upon his plea of guilty.
Contrary to the defendant's contention, the record demonstrates that he knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Stevens, 203 AD3d 958).
A "defendant's contention that his plea was not knowing, voluntary, and intelligent due to the purported factual insufficiency of the plea allocution survives a valid appeal waiver" (People v Principato, 194 AD3d 851, 851; see People v Griffin, 167 AD3d 934). Here, however, the defendant failed to preserve for appellate review his contention that his plea of guilty was not valid, as he did not move to withdraw his plea of guilty prior to the imposition of sentence (see People v Devodier, 102 AD3d 884, 884; People v Andrea, 98 AD3d 627, 627). In any event, the record shows that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (see People v Andrea, 98 AD3d at 627; People v Bookard, 68 AD3d 1128, 1129).
As the People concede, the County Court erroneously adjudicated the defendant a second felony offender when he should have been adjudicated a second felony drug offender previously convicted of a violent felony (see Penal Law § 70.70[1][b]; 4[a]). Under the facts [*2]presented, we deem it appropriate to vacate the sentence and remit the matter to the County Court, Dutchess County, for resentencing, at which time the court shall clearly set forth that the resentence imposed is made pursuant to the defendant's proper status as a second felony drug offender pursuant to Penal Law § 70.70(4)(b)(iii) (see People v Parks, 111 AD3d 653; People v Taylor, 105 AD3d 779, 779).
DILLON, J.P., DUFFY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court