People v Statini (2024 NY Slip Op 03502)

People v Statini

2024 NY Slip Op 03502

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2020-07678
 (Ind. No. 122/19)

[*1]The People of the State of New York, respondent, 
v
Daniel J. Statini, appellant.

Thomas T. Keating, Dobbs Ferry, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered September 17, 2020, convicting him of assault in the second degree and aggravated family offense, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
By entering a plea of guilty, the defendant forfeited his claim of ineffective assistance of counsel to the extent that it did not directly involve the plea negotiation process (see People v Edwards, 223 AD3d 840, 842; People v Monroe, 174 AD3d 649, 650). To the extent that the defendant contends that his counsel's conduct affected the voluntariness of his plea, the defendant's claim is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Olmos, 199 AD3d 711, 711-712; People v Maxwell, 89 AD3d at 1109).
Moreover, the County Court providently exercised its discretion in denying the defendant's motion for leave to renew his motion to withdraw his plea of guilty. The record of the defendant's plea proceeding belies his assertion that counsel failed to apprise him of a potential intoxication defense; in particular, the defendant confirmed that he had discussed potential defenses with counsel and was satisfied with counsel's services (see People v Fellows, 208 AD3d 682, 683; People v Rodriguez, 206 AD3d 1383, 1385; People v Turner, 195 AD3d 953, 954). Furthermore, the evidence, namely video surveillance footage of the incident at issue, does not support the defendant's claim that such a defense was viable in this case (see People v Fellows, 208 AD3d at 683).
Further, "[b]y pleading guilty, the defendant forfeited his contention regarding the sufficiency of the evidence before the grand jury" (People v Kelly, 151 AD3d 751, 752; see People v Devodier, 102 AD3d 884, 885).
Contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
DILLON, J.P., DUFFY, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court