THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY D. PENDLETON, JR., Appellant. [9 NYS3d 126]—

Appeals by the defendant from (1) a judgment of the County Court, Dutchess County (Greller, J.), rendered October 24, 2012, and (2) an amended judgment of the same court rendered April 3, 2013, finding him guilty of the crimes of assault in the second degree as a hate crime and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed.

The defendant was convicted, upon a jury verdict, of assault in the second degree as a hate crime, and criminal possession of a weapon in the second degree. The charges arose from an incident in which the defendant pursued two victims on a street while repeatedly uttering racial epithets. During the incident, the defendant brandished a hammer and other objects at the complainants. The defendant used the hammer to strike one of the complainants in the knee.

Contrary to the defendant's contention, the County Court was not required to conduct a hearing pursuant to CPL 730.30 (2) and 730.60 (2). Where a superintendent of an institution in which a defendant is confined for mental-health treatment determines that the defendant is no longer an incapacitated person, the superintendent must so notify the court (see CPL 730.60 [2]). At that point, the trial court must conduct a hearing on the issue of whether the defendant is an incapacitated person, if such hearing is requested by the defense counsel or by the prosecutor (see CPL 730.30 [2]). The court may also conduct such a hearing on its own motion (see CPL 730.30 [2]). Here, defense counsel initially sought a CPL 730.30 (2) hearing, but subsequently withdrew the motion. Under these circumstances, the County Court was not statutorily required to conduct a competency hearing (see CPL 730.30 [2]; People v Kenney, 225 AD2d 707, 707-708 [1996]; cf. People v Christopher, 65 NY2d 417 [1985]). The County Court did not improvidently exercise its discretion in declining to, sua sponte, order a CPL 730.30 (2) hearing under the circumstances of this case (see People v Kenney, 225 AD2d at 707-708).

Although the County Court erred in denying the defendant's request for a jury charge as to the principle of "falsus in uno, falsus in omnibus," the error was harmless, as there is no significant probability that the jury would have acquitted the defendant if the charge had been given (*see People v Whaley*, 277 AD2d 151, 151 [2000]).

The County Court did not err in denying the defendant's request for a jury charge on intoxication. While there might have been some evidence in the record to suggest that the defendant had consumed alcohol, there was no evidence as to, inter alia, the amount of alcohol consumed, the time of such consumption, or the effect of alcohol on the defendant's mental state. Consequently, under the circumstances of this case, a jury charge on intoxication was not warranted (*see People v Gaines*, 83 NY2d 925, 926 [1994]; *People v Rodriguez*, 76 NY2d 918 [1990]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Green*, 92 AD3d 953 [2012]), and we decline to reach them in the exercise of our interest of justice jurisdiction. Dillon, J.P., Leventhal, Austin and LaSalle, JJ., concur.