■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORONDA MURPHY, Appellant. [22 NYS3d 892]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered April 8, 2014, convicting her of grand larceny in the second degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that her plea of guilty was invalid because the County Court failed to advise her of all of her constitutional rights under *Boykin v Alabama* (395 US 238 [1969]) is unpreserved for appellate review, because she did not move to vacate her plea prior to the imposition of sentence or otherwise raise the issue in the County Court (*see People v Isaiah S.*, 130 AD3d 1081 [2015]; *People v Fontanet*, 126 AD3d 723 [2015]; *People v Pollidore*, 123 AD3d 1058, 1059 [2014]). In any event, the defendant's contention is without merit. There is no uniform mandatory catechism for accepting a plea of guilty (*see People v Tyrell*, 22 NY3d 359, 365 [2013]; *People v Seeber*, 4 NY3d 780, 781 [2005]). A plea of guilty "will not be invalidated 'solely because the Trial Judge failed to specifically enumerate all the rights to which the defendant was entitled and to elicit from him or her a list of detailed waivers before accepting the guilty plea' " (*People v Tyrell*, 22 NY3d at 365,

quoting *People v Harris*, 61 NY2d 9, 16 [1983]). Here, contrary to the defendant's contention, the record establishes that she voluntarily, intelligently, and knowingly pleaded guilty after having been sufficiently advised of the rights she would be giving up by pleading guilty (*see People v Fiumefreddo*, 82 NY2d 536, 543 [1993]; *People v Callahan*, 80 NY2d 273, 283 [1992]; *People v Moissett*, 76 NY2d 909, 910-911 [1990]; *People v Harris*, 61 NY2d at 16; *People v Nixon*, 21 NY2d 338 [1967]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.