People v Karadag (2020 NY Slip Op 01517)





People v Karadag


2020 NY Slip Op 01517


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2013-10164
 (Ind. No. 2271/10)

[*1]The People of the State of New York, respondent,
v
Muhammet Karadag, appellant.


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Martin Efman, J.), rendered October 23, 2013, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
When a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review (see People v Williams, 27 NY3d 212, 214; People v Conceicao, 26 NY3d 375, 382). The defendant's contention that his plea of guilty was invalid because the County Court failed to advise him of all of his constitutional rights under Boykin v Alabama (395 US 238) is unpreserved for appellate review because he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the County Court (see People v Palladino, 140 AD3d 1194; People v Murphy, 135 AD3d 881, 881). This is not one of the rare cases where the defendant lacked a reasonable opportunity to object to a fundamental defect in the plea which was clear on the face of the record and to which the court's attention should have been instantly drawn (see People v Williams, 27 NY3d at 214; People v Lopez, 71 NY2d 662, 666).
In any event, "[a] guilty plea is not invalid solely because the trial court failed to recite a defendant's constitutional rights under Boykin v Alabama" (People v Pellegrino, 26 NY3d 1063, 1063; accord People v Conceicao, 26 NY3d at 379). The County Court's failure to recite all of the Boykin rights does not warrant vacatur of the defendant's guilty plea, as the record as a whole affirmatively demonstrates that the defendant entered his plea understandingly and voluntarily (see People v Conceicao, 26 NY2d at 383). Furthermore, while the defendant initially asserted in his plea allocution that his acts of hitting his ex-wife with a bottle and stabbing her twice were not intentional, the court fulfilled its duty to inquire further to assure that the guilty plea was knowing and voluntary (see People v Lopez, 71 NY2d at 666). In the course of that inquiry, the defendant acknowledged that he intentionally stabbed his ex-wife and thereby caused her death.
The defendant's remaining contention is without merit.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court