People v Walder (2020 NY Slip Op 04878)





People v Walder


2020 NY Slip Op 04878


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-12507
 (Ind. No. 31/17)

[*1]The People of the State of New York, respondent,
v
Matthew D. Walder, appellant.


Stephen N. Preziosi, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered October 31, 2017, convicting him of rape in the third degree (three counts), upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the County Court's colloquy mischaracterized the appellate rights waived as encompassing a bar to filing an appellate brief and the loss of attendant rights to counsel and poor person relief (see People v Howard, 183 AD3d 640; see also People v Thomas, 34 NY3d 545, 560-564), and the People do not rely on any written waiver of appeal to cure the deficiencies in the court's colloquy.
The defendant's contentions that he was denied the effective assistance of counsel and that the presentence investigation report prepared by the Department of Probation contained factual errors involve matters outside the record on appeal (see People v Shabazz, 174 AD3d 824, 825; People v Stevens, 162 AD3d 1077, 1078). The appropriate vehicle for asserting a claim grounded in allegations referring to facts outside the record is a motion pursuant to CPL 440.10, where matters dehors the record may be considered (see People v Avilacruz, 172 AD3d 1398, 1399; People v Rohlehr, 87 AD3d 603, 604).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
AUSTIN, J.P., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court