People v Iglesias (2020 NY Slip Op 05527)





People v Iglesias


2020 NY Slip Op 05527


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-01540
2019-01541

[*1]The People of the State of New York, respondent,
v
Brian Iglesias, appellant. (Ind. Nos. 1518/13, 749/15)


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Michael K. Degree of counsel), for respondent.



DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Nassau County (Patricia A. Harrington, J.), both rendered March 15, 2018, convicting him of burglary in the second degree under Indictment No. 1518/13, and bail jumping in the second degree under Indictment No. 749/15, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's terse colloquy failed to advise the defendant of the nature of the right to appeal, and failed to ensure that the defendant grasped the concept of the appeal waiver and the nature of the right he was forgoing (see People v Bradshaw, 18 NY3d 257, 267; People v Lopez, 6 NY3d 248, 255; People v Fernandez, 168 AD3d 973; People v Vasquez, 101 AD3d 1054, 1054-1055).
Contrary to his contention, the defendant failed to preserve for appellate review his contention that his pleas of guilty were not knowing, voluntary, and intelligent, since he did not move to withdraw his pleas or otherwise raise this issue before the Supreme Court (see CPL 470.05[2]; People v Toxey, 86 NY2d 725, 726; People v Lopez, 71 NY2d 662, 665; People v Hernandez, 110 AD3d 919, 919). Contrary to the defendant's contention, the exception to the preservation rule does not apply here, since the defendant's plea allocution did not cast significant doubt upon his guilt, negate an essential element of the crimes, or call into question the voluntariness of the pleas (see People v Lopez, 71 NY2d at 667; People v Hernandez, 110 AD3d at 919).
In any event, the defendant's contention that his pleas were not knowing, voluntary, and intelligent is without merit. The record of the plea proceeding demonstrates that the defendant understood the charges and made an intelligent decision to enter the pleas (see People v Goldstein, 12 NY3d 295, 301; People v Ramos, 164 AD3d 922, 923).
By informing the Supreme Court that he was unable to pay the mandatory surcharges, and then expressly consenting to the court's suggestion to convert his mandatory surcharges into a [*2]civil judgment, the defendant waived his claim that conversion of the mandatory surcharges into a civil judgment was unauthorized (see People v Rodriguez, 162 AD3d 513). Moreover, by converting the mandatory surcharges into a civil judgment, the court did not defer payment of the mandatory surcharges (see People v Bibeau, 140 AD3d 1530).
DILLON, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court