People v Stamps (2020 NY Slip Op 06815)





People v Stamps


2020 NY Slip Op 06815


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-02140
 (Ind. No. 18-00360)

[*1]The People of the State of New York, respondent,
v
Bryan Stamps, appellant.


Clinton W. Calhoun III, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jordan K. Hummel and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered January 24, 2019, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
When a defendant pleads guilty to a crime, he or she generally must move to withdraw the plea or otherwise object to its entry prior to the imposition of sentence to preserve a challenge to the validity of the plea for appellate review (see People v Williams, 27 NY3d 212, 214; People v Conceicao, 26 NY3d 375, 382). The defendant's contention that his plea of guilty was invalid is unpreserved for appellate review because he did not move to vacate his plea prior to the imposition of sentence or otherwise raise the issue in the Supreme Court (see People v Palladino, 140 AD3d 1194; People v Karadag, 181 AD3d 620; People v Murphy, 135 AD3d 881, 881). In any event, contrary to the defendant's contentions, the record affirmatively demonstrates the defendant's understanding and waiver of certain constitutional rights, and the entry of a knowing, voluntary, and intelligent plea of guilty (see People v Harris, 61 NY2d 9, 19-20; People v Sirico, 135 AD3d 19, 22; People v Isaiah S., 130 AD3d 1081).
Contrary to the defendant's further contention, he did not receive ineffective assistance of counsel in connection with the negotiation of his plea (see People v Benevento, 91 NY2d 708, 712; People v Ford, 86 NY2d 397, 404; People v Richards, _____ AD3d ____, 2020 NY Slip Op 04973 [2d Dept]; People v Penaranda, 178 AD3d 858).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court