People v Flinn (2020 NY Slip Op 06809)





People v Flinn


2020 NY Slip Op 06809


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA C. CHRISTOPHER, JJ.


2019-06911
 (Ind. No. 1713/17)

[*1]The People of the State of New York, respondent,
v
Daniel Flinn, appellant.


Matthew Muraskin, Port Jefferson, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Thomas C. Costello and Glenn
Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the County Court, Suffolk County (Timothy P. Mazzei, J.), dated May 9, 2019, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered March 12, 2018, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.
ORDERED that the order is reversed, on the law and in the exercise of discretion, and the matter is remitted to the County Court, Suffolk County, for a hearing in accordance herewith and, thereafter, a new determination of the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered March 12, 2018.
The defendant pleaded guilty to two counts of robbery in the first degree, predicated upon his display of what appeared to be a gun in the course of forcibly stealing property on two separate occasions (see Penal Law § 160.15[4]). A presentence investigation report (hereinafter PSR) subsequently prepared by the Department of Probation indicated that the defendant "offered no explanation for the imitation weapon he carried" during the crimes at issue (emphasis added). The defendant was thereafter sentenced to a determinate term of imprisonment of 14 years on each count, to run concurrently.
The defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction, asserting that he had received ineffective assistance of counsel because his counsel had failed to advise him regarding a potential affirmative defense to the subject charges. In an order dated March 12, 2018, the County Court denied the motion without a hearing.
A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty (see People v Hungria, 161 AD3d 1007, 1008). That requirement is met under the New York State Constitution when defense counsel provides "meaningful representation" (People v Stultz, 2 NY3d 277, 279; see People v Hungria, 161 AD3d at 1008). In cases asserting ineffective assistance of counsel in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, or that the outcome of the proceedings would have been different" (People v Parson, 27 NY3d 1107, 1108 [internal quotation marks omitted]).
It is an affirmative defense to a charge of robbery in the first degree under Penal Law § 160.15(4) that the object displayed during the course of the crime "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15[4]; see People v Baskerville, 60 NY2d 374, 380; People v Lockwood, 52 NY2d 790, 792). The defendant's averments in his affidavit in support of his motion, along with the PSR, were sufficient to warrant a hearing on the issue of whether his counsel was ineffective for failing to advise him of this potential affirmative defense to the charges to which he pleaded guilty (see People v Brown, 142 AD3d 622, 623). Accordingly, we remit the matter to the County Court for a hearing on that issue and a new determination thereafter of the defendant's motion pursuant to CPL 440.10 to vacate the judgment rendered March 12, 2018.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court