People v Miles (2020 NY Slip Op 07225)





People v Miles


2020 NY Slip Op 07225


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-10501
 (Ind. No. 174/17)

[*1]The People of the State of New York, respondent,
v
Tashawn D. Miles, appellant.


Carol Kahn, New York, NY, for appellant. 
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered April 27, 2018, convicting him of criminal sexual act in the first degree and criminal sexual act in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that his plea of guilty was not knowingly, voluntarily, and intelligently entered is unpreserved for appellate review (see People v Davis, 24 NY3d 1012; People v Lopez, 71 NY2d 662). In any event, the record reflects that the defendant acknowledged that he understood the charges against him and the rights that he was forfeiting, that he had discussed the plea, and possible defenses and arguments that could be raised at trial with his attorney, that he was satisfied with his attorney's representation, that he was not under the influence of any substances that would impair his thinking, and that he was entering the plea of his own free will. Under these circumstances, we find that the defendant's plea of guilty was knowing, intelligent, and voluntary (see People v Valentin, 173 AD3d 1227; People v Rodriguez-Abreu, 170 AD3d 895; People v Anderson, 138 AD3d 876).
Contrary to the defendant's contention, he knowingly, voluntarily, and intelligently waived his right to appeal at the time he entered his plea of guilty (see People v Thomas, 34 NY3d 545; People v Mack, 168 AD3d 1100; People v Moore, 140 AD3d 1091; People v Corbin, 121 AD3d 803). The record reveals that the County Court adequately explained, and the defendant acknowledged that he understood, the separate and distinct nature of the waiver of the right to appeal (see People v Corbin, 121 AD3d 805).
The defendant's valid waiver of his right to appeal precludes appellate review of his present challenge to the County Court's adverse suppression determination (see People v Sanders, 25 NY3d 337; People v Kemp, 94 NY2d 831, 833-834) and his contention that the sentence imposed was excessive (see People v Bradshaw, 18 NY3d 257; People v Lopez, 6 NY3d 248; People v Lovick, 127 AD3d 1108).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court