People v Coverdale (2020 NY Slip Op 08075)





People v Coverdale


2020 NY Slip Op 08075


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-08707
 (Ind. No. 16-00070)

[*1]The People of the State of New York, respondent,
v
Andre Coverdale, appellant.


Randall Richards, Bronxville, NY, for appellant, and appellant pro se.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Brian R. Pouliot and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Barry E. Warhit, J.), rendered May 23, 2018, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545; People v Bradshaw, 18 NY3d 257, 264, citing People v Lopez, 6 NY3d 248, 256). The Supreme Court's colloquy mischaracterized the nature of the right to appeal by stating that "the case ends here," thereby suggesting that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 558-559; People v Habersham, 186 AD3d 854; People v Valentin, 186 AD3d 752; People v Howard, 183 AD3d 640). Although the colloquy included a statement that "certain things always survive," it did not contain "any clarifying language that the defendant retained the right to take an appeal after pleading guilty and that, even after waiving the right to appeal, appellate review remained available for select issues, including the voluntariness of the plea and the appeal waiver, legality of the sentence, and the jurisdiction of the court" (People v Habersham, 186 AD3d at 854). Thus, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim (see People v Valentin, 186 AD3d 752; People v McTerrell, 174 AD3d 648).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's contention, raised in his pro se supplemental brief, that his plea of guilty was not knowingly, intelligently, and voluntarily made, is not preserved for appellate review since he did not move to vacate his plea or otherwise raise the issue before the Supreme Court (see CPL 470.05[2]; People v Ruiz-Solano, ___ AD3d ___, 2020 NY Slip Op 07104 [2d Dept]; People v Stamps, ___ AD3d ___, 2020 NY Slip Op 06815 [2d Dept]). In any event, the defendant's contention is without merit. The record demonstrates that the defendant understood the charges and made an intelligent decision to enter the plea of guilty (see People v Iglesias, 187 AD3d 785). The [*2]record does not support the defendant's contention, in effect, that he lacked capacity to understand the proceedings against him or that he was unable to assist in his defense (see CPL 730.30[1]; People v Leasure, 177 AD3d 770, 772). Contrary to the defendant's contention, the court's explanation, in sum and substance, that the defendant would be subject to a life sentence if convicted of murder after trial, and that his attorney succeeded in securing a "nonlife" sentence, did not amount to coercion or deception (see People v Bhuiyan, 181 AD3d 699, 700). In addition, the record belies the defendant's contention that he was coerced into pleading guilty, as he expressly denied that he was subjected to any threats, force, or coercion to plead guilty (see People v Murphy, 114 AD3d 704, 705).
By pleading guilty, a defendant forfeits appellate review of a claim of ineffective assistance of counsel unless the claim directly involves the plea negotiation and sentence (see People v Donovan, 133 AD3d 615). Here, the defendant's ineffective assistance claim, raised in his pro se supplemental brief, is not waived as it involves the advice rendered by defense counsel during the plea bargaining process. "A defendant has the right to the effective assistance of counsel before deciding whether to plead guilty" (People v Flinn, ___ AD3d ___ , ___, 2020 NY Slip Op 06809, *1 [2d Dept]). The defendant contends that he was deprived of the effective assistance of counsel based upon his attorney's advice to withdraw his "mental health defense" which, presumably, was the affirmative defense of extreme emotional disturbance (see Penal Law § 125.25[1][a]). Since the defendant's claim of ineffective assistance is based on matter appearing outside the record, it is unreviewable on this direct appeal; a CPL 440.10 proceeding is the appropriate forum for reviewing the defendant's ineffective assistance of counsel claim (see People v Norberto, ___ AD3d ___, 2020 NY Slip Op 06554 [2d Dept]; People v Walder, 186 AD3d 1272).
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court