People v Maldonado (2021 NY Slip Op 03334)





People v Maldonado


2021 NY Slip Op 03334


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-02721

[*1]The People of the State of New York, respondent,
v
Bruce Maldonado, appellant. (S.C.I. No. 2229/18)


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Timothy P. Mazzei, J.), rendered January 15, 2019, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his plea of guilty was not knowing, voluntary, or intelligent. Since this issue would survive a valid waiver of the right to appeal (see People v Jenkins, 165 AD3d 1167, 1168), we do not consider the validity of the defendant's purported appeal waiver (see People v Manzanales, 170 AD3d 752, 752-753).
However, the defendant failed to preserve for appellate review the issue of whether his plea of guilty was knowing, voluntary, and intelligent, since he did not move to withdraw his plea or otherwise raise the issue before the County Court (see People v Coverdale, 189 AD3d 1610, 1610-1611; People v Stamps, 188 AD3d 1105).
In any event, the defendant's contention is without merit. The record reflects that the defendant was aware that he was pleading guilty to attempted criminal sale of a controlled substance in the third degree, that he was satisfied with the representation of his attorney, that he was adequately advised of, and understood, the constitutional rights that he was waiving, and that he was entering the plea of his own free will. Under the circumstances, we find that the defendant's plea of guilty was knowing, voluntary, and intelligent (see People v Miles, 189 AD3d 890, 890-891). The fact that the defendant allocuted to the completed crime of criminal sale of a controlled substance in the third degree, while pleading guilty to the lesser included offense of attempted criminal sale of a controlled substance in the third degree, did not render the plea unknowing, involuntary, or unintelligent (see People v Torres, 125 AD2d 252).
LASALLE, P.J., HINDS-RADIX, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court