People v Edwards (2024 NY Slip Op 00326)

People v Edwards

2024 NY Slip Op 00326

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2019-03008
 (Ind. No. 883/17)

[*1]The People of the State of New York, respondent,
v
Clint Edwards, appellant.

Kenyon C. Trachte, Newburgh, NY, for appellant, and appellant pro se.
David M. Hoovler, Goshen, NY (Andrew R. Kass and Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered February 7, 2019, convicting him of attempted criminal sexual act in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545, 564; People v Boykin, 219 AD3d 499; People v Rivera, 201 AD3d 673, 674). The County Court's colloquy mischaracterized the nature of the appeal waiver by stating that the defendant's conviction and sentence would be final, thereby suggesting that the waiver may be an absolute bar to the taking of an appeal (see People v Boykin, 219 AD3d at 499; People v Rivera, 201 AD3d at 674). In addition, the written waiver form did not clarify that appellate review remained available for select issues (see People v Thomas, 34 NY3d at 566; People v Boykin, 219 AD3d at 499; People v Momoh, 192 AD3d 915, 916). Thus, the defendant's purported appeal waiver does not preclude review of the issues raised by the defendant on appeal.
The County Court providently exercised its discretion in declining to consider the defendant's pro se motion to withdraw his plea of guilty, inter alia, because the defendant was represented by counsel (see People v Rodriguez, 95 NY2d 497, 501; People v Johnson, 195 AD3d 1420, 1420-1421). Moreover, contrary to the defendant's contention, he was not denied meaningful representation on his pro se motion to withdraw his plea of guilty. "[C]ounsel takes a position adverse to his [or her] client when stating that the defendant's motion lacks merit, or that the defendant, who is challenging the voluntariness of his [or her] guilty plea, made a knowing plea . . . that was in his [or her] best interest" (People v Washington, 25 NY3d 1091, 1095 [citation, alterations, and internal quotation marks omitted]; see People v Pointer, 218 AD3d 499, 500). Here, by advising the court that he was not adopting the defendant's pro se motion to withdraw his plea of guilty, defense counsel did not adversely express an opinion as to the merits of the defendant's motion, and therefore, the appointment of a new attorney to represent the defendant on that motion was not required (see People v Pointer, 218 AD3d at 500; cf. People v Caccavale, 305 AD2d 695, 695).
The defendant's contention, raised in his pro se supplemental brief, that his plea of guilty was not knowingly, intelligently, and voluntarily made, is not preserved for appellate review, as the defendant, in effect, withdrew his pro se motion to withdraw his plea of guilty and did not otherwise raise the issue before the County Court (see People v Brown, 213 AD3d 1035, 1036; People v Coverdale, 189 AD3d 1610, 1610-1611; People v Cantey, 161 AD3d 1449, 1450). In any event, the defendant's contention is without merit. "The record demonstrates that the defendant understood the charges and made an intelligent decision to enter the plea of guilty" (People v Coverdale, 189 AD3d at 1611). To the extent that the defendant contends that he lacked capacity to understand the proceedings against him or that he was unable to assist in his defense, his contention is not supported by the record (see CPL 730.30[1]). Accordingly, contrary to the defendant's contention, raised in his pro se supplemental brief, the court providently exercised its discretion by accepting the defendant's plea of guilty without first ordering, sua sponte, a competency hearing (see People v Shaffer, 81 AD3d 989, 989; cf. People v Frazier, 114 AD2d 1038, 1038). "[A] trial court is not required to hold a CPL article 730 hearing simply because a defendant has a history of mental illness, and such a history does not necessarily render a defendant incompetent to enter a knowing and voluntary plea" (People v Harrison, 52 AD3d 969, 970 [internal quotation marks omitted]; see People v Pendleton, 128 AD3d 856, 856).
"By pleading guilty, a defendant forfeits appellate review of a claim of ineffective assistance of counsel unless the claim directly involves the plea negotiation and sentence" (People v Coverdale, 189 AD3d at 1611; see People v Monroe, 174 AD3d 649, 650; People v Weston, 145 AD3d 746, 747). Thus, here, the defendant's contention, raised in his pro se supplemental brief, that he was deprived of the effective assistance of counsel because defense counsel, inter alia, failed to adequately explain the plea terms to him "survives his guilty plea 'only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance'" (People v Johnson, 195 AD3d at 1421, quoting People v Rausch, 126 AD3d 1535, 1535 [internal quotation marks omitted]). The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant failed to preserve for appellate review his challenges, in effect, to the grand jury proceeding, as he "failed to make a timely pretrial motion to dismiss the indictment raising the grounds now urged" (People v Morrow, 172 AD3d 905, 905). Moreover, the defendant withdrew all of his motions, including suppression of evidence, and, by pleading guilty, forfeited any claim of prosecutorial misconduct and that the evidence that was presented to the grand jury was legally insufficient (see People v Brown, 170 AD3d 878, 880; People v Devodier, 102 AD3d 884, 885).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court