People v Augustine (2024 NY Slip Op 04976)

People v Augustine

2024 NY Slip Op 04976

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05621
 (Ind. No. 70942/21)

[*1]The People of the State of New York, respondent,
v
Tomas Augustine, appellant.

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Michael Kosowski on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Toni M. Cimino, J.), rendered July 7, 2022, convicting him of grand larceny in the fourth degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Patricia Pazner for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,
ORDERED that Twyla Carter, The Legal Aid Society,199 Water Street, 5th Floor,
New York, NY 10038, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion dated August 5, 2022, pursuant to CPL 380.55(2), this Court directed that the appeal be heard on the original papers (including a certified transcript of the proceedings) and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
An appellate court's role in reviewing an attorney's motion to be relieved pursuant to Anders v California (386 US 738) consists of two separate and distinct steps (see People v Murray, 169 AD3d 227, 231). The first step is the court's evaluation of assigned counsel's brief, "which must, to be adequate, discuss 'relevant evidence, with specific references to the record; identify and assess the efficacy of any significant objections, applications, or motions; and identify possible issues for appeal, with reference to the facts of the case and relevant legal authority'" (id. [*2]at 232, quoting Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258). The second step is to determine whether counsel's assessment that there are no nonfrivolous issues for appeal is correct (see id.; Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "In analyzing whether nonfrivolous appellate issues exist, it is essential to appreciate the distinction between a potential appellate argument that is merely meritless or unlikely to prevail and one that is frivolous" (Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258). "Appeals that present issues that may be arguable on their merits—even if weakly or marginally so—must be perfected to fulfill the defendant's right to receive, and the attorney's obligation to provide, zealous representation" (People v Murray, 169 AD3d at 231). If the court concludes that there are nonfrivolous issues that could be raised on appeal, the court must assign new counsel to pursue the appeal on the defendant's behalf (see Matter of Giovanni S. [Jasmin A.], 89 AD3d at 258).
Here, while we are satisfied with the sufficiency of the brief filed by assigned counsel, upon this Court's independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the defendant's waiver of his right to appeal was valid (see People v Walder, 186 AD3d 1272, 1272; People v Yodice, 153 AD3d 1373, 1373) and whether the sentence imposed was excessive (see People v Suitte, 90 AD2d 80). Although assigned counsel has represented that the defendant has completed his sentence, the question of whether the sentence imposed was excessive is not academic, because the sentence imposed has potential immigration consequences (see People v Vega, 165 AD3d 984; see also 8 USC § 1227[a][2][A]).
Accordingly, the assignment of new counsel is required (see People v Bolton, 216 AD3d 812).
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court