People v Colonna (2025 NY Slip Op 03341)

People v Colonna

2025 NY Slip Op 03341

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JANICE A. TAYLOR
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2024-05827
 (Ind. No. 71780/22)

[*1]The People of the State of New York, respondent,
v
Anthony Colonna, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Teresa K. Corrigan, J.), rendered May 29, 2024, convicting him of attempted assault in the first degree and operating a motor vehicle while under the influence of alcohol, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). Contrary to the defendant's contention, the County Court adequately explained, and the defendant acknowledged that he understood, that the waiver of the right to appeal was separate and distinct from the trial rights that would be automatically forfeited as a consequence of his plea of guilty (see People v Stevens, 203 AD3d 958, 959; People v Brown, 122 AD3d 133, 137). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the hearing court's suppression determination (see People v Sanders, 25 NY3d 337, 341-342; People v Miles, 189 AD3d 890, 891; People v Mack, 168 AD3d 1100, 1102), and his challenge to the factual sufficiency of the plea allocution (see People v Javiel, 231 AD3d 967, 967; People v Heath, 218 AD3d 693, 694).
The County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty, since the record affirmatively demonstrates that the defendant's plea was knowingly, voluntarily, and intelligently entered (see People v Stamps, 188 AD3d 1105, 1105; People v Mack, 168 AD3d at 1101). The defendant's contentions that he was coerced into pleading guilty and that he did not understand the nature of the plea proceeding are belied by his statements under oath at the plea proceeding (see People v Fellows, 208 AD3d 682, 683; People v Etienne, 193 AD3d 971, 972; People v Gedin, 46 AD3d 701, 702). Moreover, the accurate statements by the court as to the defendant's maximum possible sentence exposure if he were convicted after trial did not constitute coercion (see People v Fellows, 208 AD3d at 683; People v Legette, 191 AD3d 900, 901).
Contrary to the defendant's further contention, he was not deprived of the effective assistance of counsel in connection with the negotiation of his plea (see People v Benevento, 91 [*2]NY2d 708, 712; People v Stamps, 188 AD3d at 1105).
BRATHWAITE NELSON, J.P., TAYLOR, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court