People v Johnson (2025 NY Slip Op 04662)

People v Johnson

2025 NY Slip Op 04662

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-02626
 (Ind. No. 1642/20)

[*1]The People of the State of New York, respondent,
v
Otis Johnson, appellant.

Patricia Pazner, New York, NY (Martin B. Sawyer of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel; Glen Price on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Donald Leo, J.), rendered March 31, 2022, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
In this case, the defendant signed a written waiver of the right to appeal in open court. The Supreme Court advised the defendant orally that "By signing this waiver, Mr. Johnson, do you understand that you are giving up some, not all, of your rights to contest the legality and sufficiency of your conviction in this case at [a] later date to a higher level judge?" and he replied, "Yes, I do." That was the only explanation by the court of the rights the defendant was waiving.
Under the totality of the circumstances of this case, including the defendant's limited contact with the criminal justice system, the record does not ensure that the defendant understood the nature of the right to appeal (see People v Thomas, 34 NY3d 545, 559-560; People v Bradshaw, 18 NY3d 257, 265; People v Nathaniel B., 232 AD3d 803; People v Brown, 122 AD3d 133, 145). Thus, the defendant's purported waiver of his right to appeal was invalid and does not preclude appellate review of his excessive sentence claim (see People v Wiltshire, 199 AD3d 1025; People v Coverdale, 189 AD3d 1610, 1610). Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
Although the defendant had the opportunity to object to the duration of the order of protection issued at the time of sentencing, he declined to do so. Therefore, his contention in that regard is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v Person, 233 AD3d 804).
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court